IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

KIMBERLY JONES,

    Petitioner,

  v.

RANDY TEWS, Warden,

    Respondent.

No. C 10-5653 CRB (PR)

**ORDER DENYING PETITION FOR A WRIT OF HABEAS CORPUS**

    Petitioner Kimberly Jones, a federal prisoner at the Federal Correctional Institution in Dublin, California ("FCI Dublin"), seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner challenges the decision of the Bureau of Prisons ("BOP") declaring her ineligible for early release after she completes the Residential Drug Abuse Program ("RDAP"). Petitioner's ineligibility stems from the nature of a prior conviction. She challenges the discretion of the BOP to deny her the benefit of early release under 28 C.F.R. § 550.55 as violative of the Administrative Procedure Act ("APA") and the United States Constitution. Having considered the record and the relevant legal authority, the Court DENIES Petitioner's application for a writ of habeas corpus.

//

## BACKGROUND

RDAP is an intensive drug abuse treatment program for federal prisoners with documented substance abuse issues. 28 C.F.R. § 550.53 (2009); Reeb v. Thomas, 636 F.3d 1224, 1225 (9th Cir. 2011). In an effort to combat prisoner substance abuse, Congress adopted the program by amending the federal sentencing statute. Arrington v. Daniels, 516 F.3d 1106, 1109 (9th Cir. 2008). Prisoners can either apply directly to the program, or seek referral. Id. In response to the program's under-utilization, Congress added an early release incentive to encourage prisoner participation. Id. Early release is discretionary. 18 U.S.C. § 3621(e)(2)(B) (2010) (stating that "[t]he period a prisoner convicted of a nonviolent offense remains in custody . . . may be reduced") (emphasis added).

Congress has given the BOP broad discretion to manage and regulate all federal penal institutions, which includes promulgating rules dictating which prisoners are eligible for early release under RDAP. Reeb, 636 F.3d at 1226. Using this discretionary power, the BOP enacted 28 C.F.R. § 550.55, which makes prisoners with certain current or prior convictions ineligible for release.

Petitioner was convicted of federal bank fraud on July 10, 2009 and began her 36-month sentence on August 10, 2009. Br. for Pet. (dkt. 1) at 1. At the sentencing hearing, the judge recommended that Petitioner participate in RDAP. Id. She was interviewed and approved for the program, and entered the program on April 4, 2010. Id. In late January 2010, Petitioner was deemed ineligible for early release due to a prior conviction for attempted robbery. Ans. to Order to Show Cause (dkt. 8) at 4. Under 28 C.F.R. § 550.55(b)(6), a prisoner who was previously "convicted of an attempt, conspiracy, or other offense which involved an underlying offense listed in paragraph (b)(4)," is not eligible for early release. Robbery is one of those underlying offenses. 28 C.F.R. § 550.55(b)(4).

Petitioner learned of her ineligibility in August 2010, and filed this petition for a writ of habeas corpus on December 13, 2010. Br. for Pet. at 1. She claims that the BOP's ruling is arbitrary and capricious under the APA and violative of federal law. Id.

/

## DISCUSSION

A. <u>Standard of Review</u>

A writ of habeas corpus may extend to a prisoner "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Review of the execution of a federal sentence is properly brought as a habeas petition under 28 U.S.C. § 2241. See <u>United States v. Giddings</u>, 740 F.2d 770, 772 (9th Cir. 1984).

B. <u>Legal Claims & Analysis</u>

The BOP does not have unlimited discretion in how it chooses to operate the federal prison system. The APA acts as a safeguard and allows anyone "suffering a legal wrong because of agency action" to bring suit. 5 U.S.C. § 702 (2011). A federal court can "determine the meaning or applicability of the terms of an agency action." 5 U.S.C. § 706 (2011). A court can also find an action unlawful and set it aside if it is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law." <u>Id.</u>

The Ninth Circuit applied this standard in <u>Arrington v. Daniels</u> and set aside the BOP's denial of a prisoner's early release due to his prior conviction for possession of a firearm. 516 F.3d at 1112. The Ninth Circuit found the BOP's definition of "non-violent offenses" to be arbitrary and capricious under the APA because no rationale existed for including possession of a firearm as a violent offense. <u>Id.</u> at 1112. The case prompted the BOP to promulgate a new regulation in 2009, currently codified at 28 C.F.R. § 550.55.

But judicial review of agency actions must be "narrow" and "a court is not to substitute its judgment for that of the agency." <u>Motor Vehicle Mfs. Ass'n of U.S., Inc. v. State Farm Mut. Auto Ins. Co.</u>, 463 U.S. 19, 43 (1983). Further, the cause of action invoked under § 702 can be withdrawn if the relevant statute precludes judicial review. 5 U.S.C. § 701(a) (2011). This revocation is determined by the statute's express language, scheme, objectives, legislative history and the nature of the administrative action involved. <u>Reeb</u>, 636 F.3d at 1226.

By statute, Congress explicitly stated that "[t]he provisions of sections 554 and 555 and 701 through 706 of title 5, United States Code," which allow for judicial review of

agency actions, "do not apply to the making of any <u>determination, decision, or order</u> under this subchapter." 18 U.S.C. § 3625 (emphasis added). The Ninth Circuit in <u>Reeb</u> construed this plain language to mean that "any substantive decision by the BOP to admit a particular prisoner into RDAP, or to grant or deny a sentence reduction for completion of the program, is <u>not reviewable</u> by the district court." 636 F.3d at 1227 (emphasis added).

Respondent argues that <u>Reeb</u> divests this Court of jurisdiction to entertain Petitioner's application for a writ of habeas corpus under § 2241. Ans. at 5-6. To the extent that Petitioner asks for review of the BOP's substantive decision to deny her early release, Respondent is correct. <u>See</u> <u>Reeb</u>, 636 F.3d at 1227-28. But Petitioner's application specifically challenges the BOP's decision as one that violates the APA and the Constitution, and these types of challenges are not precluded by <u>Reeb</u>: "[J]udicial review remains available for allegations that BOP action is contrary to established federal law, violates the United States Constitution, or exceeds its statutory authority." <u>Id.</u> at 1228. This is supported by the contrast in the wording of 18 U.S.C. § 3625, which precludes review of any "determination, decision, or order," with the wording of 5 U.S.C. § 706, which allows judges to set aside actions, findings, or conclusions "not in accordance with the law."

Petitioner's claims that the BOP's decision violates the APA and the United States Constitution may proceed under § 2241.[1]

### 1. Challenge Under the APA

Petitioner claims that the regulation the BOP promulgated in 2009 and applied to her in 2010, 28 C.F.R. § 550.55(b), violates the APA because it did not cure the deficiencies noted in <u>Arrington</u>. The claim is without merit.

In <u>Arrington</u>, the Ninth Circuit held that the BOP's former regulation's failure to explicitly state a reasonable rationale for excluding prisoners with certain current and prior convictions was an arbitrary and capricious abuse of discretion under the APA. 516 F.3d at 1116. The court noted that "[a] reasonable basis exists where the agency considered the

---

[1] Petitioner argues that, although she has not exhausted her administrative remedies, her application for a writ of habeas corpus should proceed. Br. for Pet. at 2. Because Respondent waives the failure to exhaust defense, ans. at 6 n.1, the Court need not address it.

4

relevant factors and articulated a rational connection between the facts found and the choices made." Id. at 1112.

Unlike the regulation struck down in Arrington, the 2009 regulation applied to Petitioner was not an arbitrary and capricious abuse of discretion under the APA. The 2009 regulation is expressly based on public safety concerns. In codifying the regulation, the committee identified crimes like "homicide, forcible rape, robbery, aggravated assault, arson, kidnaping or child sexual abuse" as "inherently violent [in] nature and particular[ly] dangerous to the public." 74 Fed. Reg. No. 9 at 1894 (Jan. 14, 2009). As such, the BOP opted to deny early release to individuals convicted of such crimes, and of attempts to commit such crimes, because commission and attempts to commit such offenses "rationally reflects the view that such inmates displayed readiness to endanger the public." Id. Simply put, the BOP reasoned that individuals convicted of certain crimes, and of attempts to commit certain crimes, "exhibit a particular dangerousness to the public and often entail violent or threatening elements that resonate with victims." Id. These specific concerns, combined with the BOP's extensive experience in dealing with prisoners, are a reasonable basis for excluding prisoners with prior convictions for certain violent crimes from early release because the record shows that the BOP "considered the relevant factors and articulated a rational connection between the facts found and the choices made." Arrington, 516 F.3d at 1112.

The District of Oregon recently rejected an APA challenge to the 2009 regulation by a prisoner who had been denied a RDAP sentence reduction based on a prior robbery conviction. Moon v. Thomas, No. CV-10-1154-MO, 2011 WL 1299606, at **9-10 (D. Or. Apr. 1, 2011). The court found the public safety rationale articulated in the 2009 regulation was a reasonable basis for excluding prisoners with certain prior convictions. Id. at *10. And it further found that the BOP's decision to exclude prisoners with prior convictions for robbery was consistent with Congress' intent to make only individuals who had been "convicted of a nonviolent offense" eligible for a RDAP sentence reduction. Id. This court finds the District of Oregon's reasoning persuasive and equally applicable to the exclusion of

5

prisoners with prior convictions for attempted robbery. Cf. United States v. Saavedra-Velasquez, 578 F.3d 1103, 1110 (9th Cir. 2009) (California definition of attempted robbery qualifies as "crime of violence"); United States v. Harris, 572 F.3d 1065, 1066 (9th Cir. 2009) (Nevada definition of attempted robbery qualifies as "crime of violence").

2. Challenge Under the Constitution

Petitioner proffers several constitutional challenges to the BOP's decision to deny her early release. She specifically claims that her ineligibility under the pertinent regulation impinges upon her rights to due process, equal protection and to be free from double jeopardy. The claims are without merit.

A prisoner's due process rights are violated only if the government infringes upon a protected liberty interest. Meachum v. Fano, 427 U.S. 215, 223-24 (1976). Protected liberty interests are either inherently protected by the Due Process Clause, or created by statute or regulation. Sandin v. Conner, 515 U.S. 472, 477-78 (1995). No liberty interest inherently protected by the Due Process Clause is at issue here because it is well settled that "[t]here is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence." Greenholtz v. Inmates of the Neb. Penal & Corr. Complex, 442 U.S. 1, 7 (1979). Nor does the permissive language regarding early release in 18 U.S.C. § 3621(e)(2)(B) create a protected liberty interest. McLean v. Crabtree, 173 F.3d 1176, 1185-86 (9th Cir. 1999) (citing Jacks v. Crabtree, 114 F.3d 983, 986 n.4 (9th Cir.1997)). Petitioner's due process claim fails because she does not have a protected liberty interest in RDAP participation or in the associated discretionary early release. See Reeb, 636 F.3d at 1229 n.4; Jacks, 114 F.3d at 986 n.4.

The Equal Protection Clause commands that all persons similarly situated be treated alike. See City of Cleburne v. Cleburne Living Center, 473 U.S. 432, 439 (1985) (Equal Protection Clause of Fourteenth Amendment); High Tech Gays v. Defense Indus. Security Clearance Office, 895 F.2d 563, 570-71 (9th Cir. 1990) (Equal Protection Clause of Fifth Amendment). Petitioner was denied early release on the basis of her prior conviction for attempted robbery. Her situation is entirely different from that of the two prisoners she

6

refers to in her brief, both of whom have current convictions for weapons possession and were granted early release. Petitioner's equal protection claim fails because she sets forth no facts whatsoever demonstrating that she was treated differently from others who were similarly situated. See Reeb, 636 F.3d at 1228 n.4; McLean, 173 F.3d at 1185.

The constitutional guarantee against double jeopardy protects against (1) a second prosecution for the same offense after acquittal or conviction, and (2) multiple punishments for the same offense. See Witte v. United States, 515 U.S. 389, 395-96 (1995). Petitioner invokes the second clause, asserting that because she has already been convicted, sentenced, and served prison time for the prior attempted robbery, denial of the benefit of early release is unconstitutional additional punishment for this prior conviction. Petitioner's claim is without merit because denial of a sentence reduction for her current conviction for bank fraud does not constitute additional punishment for her previous conviction for attempted robbery. Although petitioner's sentence for bank fraud may be reduced under 18 U.S.C. § 3621(e)(2)(B), the "Double Jeopardy Clause does not provide [her] with the right to know at any specific moment in time what the exact limit of [her] punishment will turn out to be." United States v. DiFrancesco, 449 U.S. 117, 137 (1980). It is under this principle that no double jeopardy protection exists against revocation of probation and the imposition of imprisonment. Id. Like parole, the denial of early release is not the imposition of an additional punishment, but rather the denial of a privilege. See Moor v. Palmer, 603 F.3d 658, 660 (9th Cir. 2010) (holding that denial of parole is not additional punishment for acts that led to denial of parole).

## CONCLUSION

For the foregoing reasons, Petitioner's application for a writ of habeas corpus is DENIED. The clerk shall enter judgment in favor of Respondent and close the file.

IT IS SO ORDERED.

Dated: Oct. 25, 2011

CHARLES R. BREYER
United States District Judge

G:\PRO-SE\CRB\HC.10\Jones, K1.denial.wpd

7